**Paul BUSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63587.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 22, 1980.

On Rehearing Feb. 18, 1981.

Douglas R. Woodburn, Amarillo, for appellant.

Thomas A. Curtis, Dist. Atty., Steve Schiwetz and Mallory Holloway, Asst. Dist. Attys., Amarillo, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of delivery of methamphetamine. Punishment was assessed by the trial judge at eight years' confinement in the Department of Corrections. The issue presented is whether the trial court erred in failing to dismiss this prosecution on the basis of entrapment.

Pursuant to Article 28.01 § 1(9), V.A.C.C.P., a hearing was held in the trial court to determine the matter of entrapment raised by appellant's written motion to dismiss. The evidence adduced at the pre-trial hearing revealed that on June 5, 1978, Charles Carpenter, an undercover narcotics agent, was advised by Allen Gray, a paid informant, that appellant wished to sell some methamphetamine. Later that day, Agent Carpenter and his partner, Agent Stubbs, met appellant in the parking lot of Dunkin Donuts—a location arranged by the informant. The meeting between appellant and

the two undercover agents concluded in Agent Carpenter's purchase of a quantity of methamphetamine from appellant.

In support of his motion to dismiss, appellant admitted making the alleged delivery but claimed that he was unlawfully induced to commit the offense by a law enforcement agent.[1] Appellant testified that he was contacted by Gray and asked to obtain some drugs for two of Gray's friends. Because he had known Gray for some twelve years and dated Gray's half-sister, appellant agreed to indulge the request as a favor to his friend. Appellant also testified that he was further induced to deliver the drugs by Gray's promise to get appellant "high" after this "deal went down."

At the conclusion of the pre-trial hearing, appellant's written motion for dismissal based on entrapment was denied. Appellant later pleaded guilty to the charge of delivery of a controlled substance and perfected this appeal pursuant to V.A.C.C.P., Art. 44.02. In his sole ground of error, appellant asserts that the trial court erred in failing to sustain his motion to dismiss on the basis that the evidence established entrapment as a matter of law.

The defense of entrapment and the criteria for its application are now codified in V.T.C.A., Penal Code, Sec. 8.06, which provides:

"(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment."

Prior to the enactment of Section 8.06, evidence of other criminal acts by the defendant tending to show that he was otherwise disposed to commit the offense charged was admissible to refute the claim of entrapment. See *Redman v. State*, 533 S.W.2d 29 (Tex.Cr.App.1976), and authorities cited therein. However, this Court has previously recognized that under the present statute the defendant's predisposition to commit the crime is no longer material. *Norman v. State*, 588 S.W.2d 340 (Tex.Cr.App.1979); *Langford v. State*, 571 S.W.2d 326 (Tex.Cr.App.1978).[2] See also *Montgomery v. State*, 588 S.W.2d 950 (Tex.Cr.App.1979).

When Section 8.06 is construed according to the fair import of its terms, as required by V.T.C.A., Penal Code, Sec. 1.05(a), it is apparent that the Legislature intended to establish the objective test for entrapment described in *Norman* and *Langford*. The statute provides the actor a defense to prosecution where:

(1) "the actor" was induced to engage in the conduct by a law enforcement agent, and

(2) the means of inducement used were likely to cause "persons," not the actor, to commit the offense.

1. For purposes of the entrapment defense, the term "law enforcement agent" includes any person acting in accordance with instructions from personnel of the local, state or federal law enforcement agencies. V.T.C.A., Penal Code, Sec. 8.06(b). Although he did not state expressly that Gray had been instructed to "set up" this transaction, Agent Carpenter testified that Gray had been instructed to provide information and that Gray was rewarded when he did set up a "buy." Specific instructions are not required to make an informant a law enforcement agent. *Rangel v. State*, 585 S.W.2d 695 (Tex.Cr.App.1979). When law enforcement personnel use an informant to gather information leading to the purchase of narcotics, and the informant benefits from purchases that he has arranged, they create a scheme of incentives that effectively instructs the informant to act as their agent in setting up narcotics "buys." The evidence is sufficient to support the conclusion that Gray was acting as a law enforcement agent.

2. On motion for rehearing, it was determined that *Langford* was incorrectly decided on its facts. So that trial judges and attorneys would not be misled by such a misapplication of the law to the facts, the opinion of the panel on original submission was overruled. 578 S.W.2d 737. Nevertheless, the principles of law espoused by Judge Phillips' panel opinion, which were unquestioned by the opinion delivered on motion for rehearing, remain viable law.

The issue for determination, then, is what effect the agent's inducement would likely have upon persons generally. The defendant's criminal disposition is immaterial to this inquiry. So, under the test of Section 8.06, once the inducement element is established the trial court need consider only whether the methods of persuasion used were likely to induce persons not ready and willing to commit the crime to engage in the conduct charged. Where the inducement attains that level of intensity, entrapment has occurred regardless of whether the particular defendant would have committed the crime with less or no encouragement.

Before applying this test to the facts of the instant case, we must confront a preliminary issue as to which party bears the burden of proof on a claim of entrapment raised at a pre-trial hearing.

Article 28.01 § 1(9), V.A.C.C.P., specifically provides that a pre-trial hearing may be held to determine the matter of entrapment. The Penal Code, however, fails to address the question as to how the burden of proof on the defense of entrapment is to be apportioned among the parties at such a pre-trial hearing. We note that the identical question raised in the context of a trial, rather than a pre-trial hearing, has been legislatively determined by the adoption of V.T.C.A., Penal Code, Sec. 2.03, which provides in pertinent part:

"(c) The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.

"(d) If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted."

Although by its terms Section 2.03 purports to govern only the submission of defenses to a jury, we see no reason why we should adopt a different procedure for testing defenses presented at a pre-trial hearing. Accordingly, we hold that the provisions of V.T.C.A., Penal Code, Sec. 2.03(c) and (d) shall be followed by the trial court in determining a pre-trial claim of entrapment.

The effect of this holding is to require the State, at a pre-trial hearing, to disprove the defense of entrapment beyond a reasonable doubt after the issue has been properly raised by the evidence. In other words, the defendant has the burden of producing evidence to raise the defense, but the prosecution has the final burden of persuasion to disprove it.

In following the persuasive authority of Section 2.03, we recognize the underlying policy considerations involved in adopting an appropriate standard of proof. As in the instant case, most claims of entrapment will arise from transactions involving undercover agents or informants or both. Often the defendant may not know the true identity of these law enforcement agents. As a result, locating these persons—for the purpose of conducting a pre-trial investigation or having a witness subpoena served—may prove difficult if not impossible for the defendant. On the other hand, the State is much more likely to know the identity and location of its own undercover personnel. Undoubtedly, these circumstances will provide the State greater access to the essential testimony of the agents involved in the claimed entrapment. Therefore, as a matter of fairness and convenience, the State rather than the defendant should be faced with the need to produce these witnesses in order to sustain the burden of persuasion.

Turning to the facts of this case, we conclude that the evidence preserved in the record is sufficient to raise an issue as to the existence of the defense of entrapment. Concerning the details of his inducement, appellant testified:

"Q. Mr. Bush, did you receive a phone call from Allen Gray on that evening?

"A. Yes I did.

"Q. What was the substance of that phone call?

* * * * * *

"A. He said that he had some friends that he had known for a year and a half—two years that wanted to buy some—dope you know, and I said

well okay, call them back and tell them I can get it, you know.

"Q. Okay, did you have any dope in your possession at that time?

"A. No sir, I didn't have any at my house at all.

"Q. Mr. Gray offer you any other inducement to make this transaction?

"A. He said he'd get me high.

"Q. How was he going to get you high?

"A. Well he said—he said after this deal went down—he said that these narcotics agents always turned him on to a quarter out of every gram that was sold.

"Q. Did he identify these people as narcotics agents?

"A. No sir, he said Chuck and Doc.

\*    \*    \*    \*    \*    \*

"Q. After that you—can you say whether or not Allen Gray provided you with some drugs that did in fact get you high?

"A. Yes sir at his house that night."

Appellant's testimony, having raised the issue of entrapment, required the State to prove beyond a reasonable doubt that appellant was not entrapped. A review of the record reveals that the State failed to sustain its burden of proof. The State may have easily rebutted appellant's testimony concerning the manner in which the delivery was arranged by calling Gray to testify. However, it chose not to. In fact, the State failed to present any evidence to disprove appellant's claim of entrapment.[3]

The State correctly points out that during his pre-trial testimony, appellant admitted making at least four other drug sales to Agent Carpenter. It contends that this admission constitutes rebuttal evidence which the trial court could consider in determining whether the informant's actions unlawfully induced appellant to engage in the conduct charged or merely afforded him an opportunity to commit the offense. But, as previously noted, the appellant's disposition to engage in the offense is no longer a consideration of the test of entrapment. Therefore, evidence of other criminal acts by the appellant does not rebut the claim of entrapment.

We conclude that no evidence was presented to refute appellant's testimony. Therefore, as a matter of law the State has failed to establish beyond a reasonable doubt that appellant was not entrapped into the commission of the offense charged.

Entrapment is a defense to prosecution. V.T.C.A., Penal Code, Sec. 2.03(a). The State's failure to disprove a defense beyond a reasonable doubt results in a final disposition of the criminal action and a bar to future prosecution of the defendant for the same offense. Where the defense is presented at trial and the State fails to sustain its burden, an acquittal is required. V.T.C.A., Penal Code, Sec. 2.03(d). Entrapment is unique in that it is the only defense that also may be tested at a pre-trial hearing. Thus the question presents itself as to the appropriate remedy when entrapment is raised at a pre-trial hearing and the State fails to disprove the defense. Because jeopardy does not attach prior to trial, an order acquitting the defendant is not appropriate. But the effect of the State's failure of proof should be the same regardless of whether the defense of entrapment is raised at trial or upon a written pre-trial motion. Therefore, we believe the proper remedy in this situation is an order dismissing the prosecution with prejudice.

The judgment is reversed and remanded with instructions to dismiss with prejudice.

DOUGLAS, Judge, dissenting.

*Langford v. State,* 571 S.W.2d 326 (Tex. Cr.App.1978), relied upon by the majority, was expressly overruled after the Court, on its own motion, reconsidered the matter of entrapment discussed in the panel opinion. See *Langford v. State,* 578 S.W.2d 737 (Tex. Cr.App.1979).

The judgment should be affirmed.

---

3. The only evidence presented at the pre-trial hearing was the testimony of Agent Carpenter and appellant. Carpenter admitted that he did not possess any personal knowledge as to the transaction between Gray and appellant or the type of inducement used by Gray.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

DALLY, Judge.

State's Motion for Rehearing will be granted.

The appellant admits that he unlawfully delivered methamphetamine, a controlled substance, to Charles Carpenter, but he asserts that although he committed the criminal offense charged, it has been shown as a matter of law in a pretrial hearing that he was entrapped and should therefore be acquitted. The panel's majority agreed.

V.T.C.A. Penal Code, Section 8.06, provides:

"(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

"(b) In this section 'law enforcement agent' includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents."

The appellant's testimony, as set out in the panel's majority opinion, is that Gray, with whom the appellant had grown up, known for twelve years, and whose half-sister he dated, called him one evening and told him that he, Gray, had friends he had known for a year and one-half who wanted to buy some dope. Gray promised the appellant he would get the appellant high on dope if he would get the dope for Gray's friends.

Is the promise to the appellant—to get him high on dope if he obtained dope he didn't possess and delivered it on a parking lot to strangers—made by Gray, appellant's long time friend, "persuasion or other means likely to cause persons to commit the offense" charged? We find appellant's testimony does not raise an issue of entrapment. A promise to get appellant high on dope is so unlikely to induce a person not already so disposed, to commit the criminal offense charged as to not even raise the issue of entrapment. The facts of this case require that the judgment be affirmed regardless of whether an objective or a subjective test of entrapment is applied.[1]

The State's Motion for Rehearing is granted and the judgment is affirmed.

ROBERTS, CLINTON and TEAGUE, JJ., dissent.

---

1. The author of this opinion does not agree that V.T.C.A. Penal Code, Section 8.06, makes it apparent that the legislature intended to establish the objective test for entrapment recognized in *Norman v. State*, 588 S.W.2d 340 (Tex. Cr.App.1979); *Langford v. State*, 571 S.W.2d 326 (Tex.Cr.App.1978); and see *Langford v. State*, 578 S.W.2d 737 (Tex.Cr.App.1979). Section 8.06, the commentary notwithstanding, provides a balance test which includes the defendant's predisposition to commit a criminal offense.

Also, as the panel's majority opinion points out the defense of entrapment is unique; it is the only defense which is authorized to be tried prior to the trial on its merits. Art. 28.01 § 1(9), V.A.C.C.P. However, this permissible procedure is generally undesirable because it permits the piecemeal trial of a criminal case.

The trial judge in this instance held a pretrial hearing to determine the issue of entrapment. Although Art. 28.01, V.A.C.C.P. allows such a procedure, it is not required; a trial judge may refuse a pretrial hearing, and the defendant may then present his evidence when the case is tried on its merits. See *Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App.1977); *Hicks v. State*, 508 S.W.2d 400 (Tex.Cr.App.1974); *Bell v. State*, 442 S.W.2d 716 (Tex.Cr.App.1969); *Bosley v. State*, 414 S.W.2d 468 (Tex.Cr.App.1967), cert. denied 389 U.S. 876, 88 S.Ct. 172, 19 L.Ed.2d 162.