**Billy Roy CRAVER, Appellant,**

v.

**The STATE of Texas.**

**No. B14-81-503-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 14, 1982.

Rehearing Denied Feb. 4, 1982.

Discretionary Review Refused April 14, 1982.

Lawrence Rousseau, Houston, for appellant.

John B. Jr., Dist. Atty., Houston, for appell██

Before JISS BROWN, and JUNELL and ██.

JUNELL, Justice.

This is an appeal from a conviction for the offense of delivery of methamphetamine. The indictment contained an enhancement paragraph based on a prior felony theft conviction. A pretrial hearing was held on appellant's Motion to Dismiss based on a claimed defense of entrapment and that motion was overruled. The jury found appellant guilty as charged and the trial judge assessed punishment at 15 years confinement in the Texas Department of Corrections.

Appellant presents two grounds of error. Appellant first complains that the trial court erred in failing to grant his Motion to Dismiss due to entrapment.

Prior to trial a separate hearing on entrapment was held. Appellant testified

that he met a police informant named Linda outside a Houston lounge. During that meeting they sat in his van and talked and he gave Linda his phone number. Over the next 2-week period Linda telephoned appellant numerous times asking to arrange to buy drugs. Most of the phone calls were made during the day, but Linda also called appellant at night and at his job. Appellant testified that he argued with his fiancee Vickie about Linda's calls and that he finally agreed to make a sale of methamphetamine to Linda's friends in order "to get rid of [Linda], get her off my back." For that purpose appellant obtained methamphetamine and subsequently made two or three sales to Police Officer S. A. Smith pursuant to telephone arrangements made by Linda and confirmed by telephone by Officer Smith. There is conflicting testimony as to whether there were 2 or 3 sales made and as to who initiated the telephone conversations between appellant and Officer Smith. The first sale was consummated at appellant's residence. The delivery of methamphetamine for which appellant was indicted took place at a McDonald's restaurant on February 13, 1980. Linda was not present when any of the transactions took place.

The Texas Penal Code provides, in pertinent part, as follows:

> It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Tex. Penal Code Ann. § 8.06(a) (Vernon 1974). The Court of Criminal Appeals has interpreted that statute to provide an objective test for evaluating an entrapment defense. Section 8.06 provides a defense to prosecution where (1) the actor was induced to engage in the conduct by a law enforcement agent, and (2) the means of inducement used were likely to cause persons other than the actor to commit the offense. *Bush v. State*, 611 S.W.2d 428 (Tex.Crim.

App.1980); *Norman v. State*, 588 S.W.2d 340 (Tex.Crim.App.1979); *Langford v. State*, 571 S.W.2d 326, 330–1 (Tex.Crim. App.1978). "The issue for determination, then, is what effect the agent's inducement would likely have upon persons generally. The defendant's criminal disposition is immaterial to this inquiry." *Bush v. State*, 611 S.W.2d at 430. While the author of the *Bush* opinion on rehearing notes (611 S.W.2d at 432, footnote 1) his belief that the statute "provides a balance test which includes the defendant's predisposition to commit a criminal offense," Texas authority has consistently held since the enactment of the present Texas statute that the entrapment defense is based on inducement by a law enforcement agent and focuses on the conduct of the person exerting the inducement. The majority opinion in *Bush v. State* states that the principles of law espoused in *Langford v. State*, 571 S.W.2d 326, remain viable law despite the fact that that opinion was overruled at 578 S.W.2d 737 insofar as it misapplies the law to the facts. 611 S.W.2d at 429, footnote 2. The entrapment defense demands adherence to an approach that focuses on conduct of the governmental agents rather than on whether the defendant was predisposed to commit the crime. The purpose of the entrapment defense is not to protect persons who are "otherwise innocent" but is to prohibit unlawful governmental activity in instigating crime. *Langford v. State*, 471 S.W.2d 326 at 330, quoting the dissenting opinion of Justice Stewart in *United States v. Russell*, 411 U.S. 423, 441, 93 S.Ct. 1637, 1647, 36 L.Ed.2d 366 (1973).

Article 28.01 section 1(9) of the Texas Code of Criminal Procedure (Vernon Supp. 1980–81) provides that a pre-trial hearing may be held to determine the matter of entrapment. In such a pre-trial hearing the defendant has the burden of producing evidence sufficient to raise the defense and the prosecution has the burden of disproving that defense. *Bush v. State*, 611 S.W.2d at 430.

In our opinion a series of phone calls from a mere acquaintance may be annoying

but is so unlikely to induce a person not already so disposed to commit the criminal offense charged as to not even raise the issue of entrapment. Accordingly, we overrule appellant's first point of error.

In his second ground of error appellant complains that the State did not establish an unbroken chain of custody of the alleged methamphetamine and therefore did not properly prove through the police chemist's testimony that the substance delivered was methamphetamine. Appellant's complaint is based on differences in the police officers' and the police chemist's testimony as to the exact amount of methamphetamine placed in the lock box and as to how the substance was handled before being placed in the lock box as well as the fact that the substance was not introduced into evidence at the trial.

 The defense of entrapment is generally not available to one who denies that he committed the offense charged. *Canales v. State*, 496 S.W.2d 614 (Tex.Crim.App. 1973); *Reed v. State*, 421 S.W.2d 116 (Tex. Crim.App.1967). The admission of improper evidence does not constitute reversible error if the same facts are proved by other, proper testimony, as where the defendant voluntarily gives testimony substantially the same as that improperly admitted over objection. *Meadowes v. State*, 368 S.W.2d 203 (Tex.Crim.App.1963); *McCain v. State*, 363 S.W.2d 257 (Tex.Crim.App.1963); 5 Tex.Jur.2d *Appeal and Error-Criminal* § 446 (1959). The record made at a pretrial hearing, the rulings of the court and the exceptions and objections thereto become a part of the trial record of the case upon its merits. Tex.Code Crim.Pro. art. 28.01 § 3 (Vernon Supp. 1980–81).

 *Appellant obtained a pre-trial hearing on the issue of entrapment. At that hearing he testified, in part, as follows:*

Q Did you sell it? Did you sell S. A. Smith four grams of methamphetamine in that McDonald's hamburgers on February 13th, 1980?

A I handed him the package.

Q Did you take any money from him?

A No, Sir.

Q Did you see any money?

A No, sir.

Q Were you just going to give it to him?

A They had guns on me as soon as I handed him the package.

Q How much did you pay for the methamphetamine?

A $150

\* \* \* \* \* \*

Q You took $150 of your own money to buy four grams of speed?

A Two grams.

Q And, then you drove to the McDonald's hamburgers and met S. A. Smith to give him two grams of speed? Were you just going to give him $150 worth of drugs?

A No, sir.

Q Did you expect to get some money for that?

A Yes, sir.

Q How much money did you expect to get from him?

A I think it was around $350.

At the trial appellant testified as follows:

Q On February 13, 1980 before you delivered methamphetamine to Officer Smith, how many conversations did you have?

A Two.

\* \* \* \* \* \*

Q You will agree that the two of you spoke by telephone again and agreed to meet at the McDonalds?

A Yes, sir.

Q And you did deliver the methamphetamine to him?

A Yes, sir.

The record reveals that appellant testified and admitted the amount and identity of the substance delivered. Appellant testified to substantially the same matters which the State sought to prove by the police officers' and chemist's testimony in this regard. Therefore the error, if any, in admitting the latter testimony is harmless.

We overrule appellant's second ground of error.

We affirm the judgment of the trial court.