Valentine **BENAVIDEZ**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–81–054–CR.

Court of Appeals of Texas, Corpus Christi.

April 7, 1983.

John Montalvo, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for the offense of delivery of heroin, enhanced by a prior felony conviction. Despite his plea of not guilty, a jury found appellant Valentine Benavidez (Benavidez) guilty. The court assessed punishment at twenty-two (22) years confinement in the Texas Department of Corrections. We reverse and remand.

On January 27, 1979, Department of Public Safety Narcotics Officer Galvan (Galvan) was introduced to appellant by an individual known as Jeff. At the time of the introduction, Officer Galvan was working "undercover" for the Department and was introduced to appellant as Mike Segovia. Jeff, later identified as Jeff Jackson (Jeff), was identified as an informant introduced to Officer Galvan by another agent.

At the initial meeting between Galvan and Benavidez, Galvan purchased a small amount of heroin for seventy-five (75) dollars. Before he left the apartment where the meeting took place, Officer Galvan received from Benavidez a slip of paper with Benavidez' "nickname and two phone numbers." The phone numbers "were in case [Galvan] ever wanted to contact him [ (Benavidez) ] in regards to a narcotics transaction."

On January 30, 1979, Galvan called appellant twice without success in reaching him. Galvan left a return number and appellant returned the call. Arrangements were made in this phone call for a second purchase by Galvan. On January 31, 1979, Galvan met with Benavidez at the apartment complex where their first meeting had occurred. The two then left in Galvan's vehicle and drove around for awhile, making several stops. During this entire period, Galvan and Benavidez were under surveillance arranged for by Galvan. When Galvan first arrived at the apartment complex, he gave Benavidez one hundred fifty (150) dollars as payment for heroin. At one stop, around twelve o'clock, Benavidez left the vehicle and got into a second vehicle. Upon returning from this vehicle he handed Galvan a small pink balloon. This balloon was later shown to contain heroin. At this time, Galvan signaled the agents conducting the surveillance and shortly thereafter Benavidez was apprehended and arrested.

Appellant admits selling the heroin to Galvan, but he contends that he established as a matter of law that he was entrapped and therefore any evidence obtained should be suppressed, and that because of the entrapment, there is insufficient evidence to support the conviction. We do not agree.

While there is no question but that Galvan first approached Benavidez, there is conflicting testimony as to whether Galvan asked Benavidez to sell him the heroin or whether Benavidez asked Galvan if he wished to purchase the heroin. The key to an entrapment defense is whether or not the actor engaged in the illegal conduct because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. However, conduct merely affording a person an opportunity to commit

an offense does not constitute entrapment. V.T.C.A., Penal Code § 8.06(a) (1974). We find that Benavidez did not establish a defense of entrapment as a matter of law and so the determination of entrapment was properly left to the jury. See *Robert v. State,* 613 S.W.2d 291 (Tex.Cr.App.1981). Appellant's first and seventh grounds of error are overruled.

■ Appellant's third ground of error complains that the trial court erred in admitting the extraneous offense of the appellant, i.e., the sale of heroin to Galvan on January 27, 1979. First, the evidence is admissible under *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972) to refute the theory of entrapment. Second, testimony as to the initial purchase was illicited without objection, from both Officer Galvan and the appellant. See *Van Sickle v. State,* 604 S.W.2d 93 (Tex.Cr.App.1980). We find no merit in appellant's contention. Appellant's third ground of error is overruled.

■ Appellant in his fourth ground of error, complains that the trial court erred by giving a subjective rather than an objective charge on entrapment. We agree. The charge on entrapment which was given by the court is as follows:

"You are instructed that 'entrapment' is the improper inducement of a person by a law enforcement agent, through persuasion or other means likely to cause such person to commit an offense, to commit a crime not contemplated by such person for the mere purpose of instituting a criminal prosecution against such person. Where the criminal intent originates in the mind of the law enforcement agent and he induces a person to commit a crime which such person would not otherwise have committed except for such inducement, this is entrapment; *however, where the criminal intent originates in the mind of the accused, the fact that the law enforcement agent furnishes the opportunity for or aids the accused in the commission of a crime is no defense to such a prosecution.*

Now, if you find from the evidence, or if you have a reasonable doubt thereof, that on the occasion alleged, if any, the criminal design originated in the mind of the officer, Ismael Galvan and that he induced the defendant to commit the crime charged in the indictment for the mere purpose of instituting a criminal prosecution against the defendant, *and that the defendant had not contemplated the commission of said crime until such inducement, then you will find defendant not guilty.*" (Emphasis added).

The objection by appellant's counsel to the charge and its denial by the trial judge were dictated to the court reporter and subsequently included in the transcription of the statement of facts. The record was subsequently approved by the trial judge. Review is preserved under *Dirck v. State,* 579 S.W.2d 198 (Tex.Cr.App.1979).

An objective test rather than a subjective test for an entrapment defense is called for under *Bush v. State,* 611 S.W.2d 428 (Tex. Cr.App.1981). The key difference being that under the objective test, the court can no longer consider the predisposition of the accused to commit the crime. We hold that the charge submitted by the court in the case at bar constituted reversible error in that it was, in part, subjective. The language which appellant finds objectionable goes to the predisposition of the appellant at the time of the commission of the offense. Appellant's fourth ground of error is sustained.

We have examined all of appellant's remaining grounds of error. They are overruled.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court for a new trial.