**Tiburcio SOTO, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–82–197–CR(T).

Court of Appeals of Texas, Austin.

April 13, 1983.

Rehearing Denied April 13, 1983.

Stephen M. Orr, Orr, Davis, Sanders & Beaver, Austin, court-appointed, for appellant.

Ronald Earle, Dist. Atty., Ralph Graham, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

### ON MOTION FOR REHEARING

EARL W. SMITH, Justice.

Our prior opinion in this appeal is withdrawn and the following is substituted in lieu thereof.

Appellant was indicted for the offense of delivery of heroin on October 17, 1978. He waived a jury and trial was before the court on his plea of not guilty. Evidence in this case consisted of properly stipulated testimony, along with the testimony of appellant. Having heard the evidence, the trial court adjudged appellant guilty of the offense of delivery of heroin as charged and assessed his punishment at confinement in the Texas Department of Corrections for twenty years.

Appellant's sole ground of error is that the trial court erred in failing to find that the appellant was entrapped into delivering heroin, and that he was therefore entitled to a finding of not guilty as a matter of law. We agree and will reverse the judgment of conviction.

On October 17, 1978, the appellant and Rosalinda Cervantes, an informant for the Austin Police Department, were together at her grandmother's house. Rosalinda used the phone, after which she asked the appellant if he wanted "to score" for her. The appellant replied, "[n]o. You can score for me." Rosalinda than said, "[c]ome on, he is a good friend of mine. I just called him and asked him to come over." Appellant replied, "yeah, yeah." In fifteen minutes an undercover officer of the Austin Police Department drove up. Appellant testified that he still did not want to go but that Rosalinda urged him to do so. Appellant then left with the officer. He told the officer to wait for him some place and that he would go and "get it for him." Appellant testified, "[s]o, I went and got the dope for him and came back and gave it to him." He admitted telling the officer to pick the two largest of the four packets which he had brought back to the officer. He testified that he delivered the "dope" because of his sexual relationship with Rosalinda and because she asked him to do so. He testified that she talked him "into it." He admitted that the officer gave him the money and asked "if I could score for him." He told the officer that he could do so, left, got the "dope" and delivered it to the officer.

The transaction between the appellant and the officer occurred as a result of a contact between the informant, Rosalinda Cervantes, and the officer. The officer testified that the informant called him to ask if he wanted to "score some more heroin." She gave the officer directions as to where and when to meet the appellant. The officer testified that he did meet the appellant and that the two drove in a vehicle, under directions given by appellant, to a laundromat on Holly Street. The appellant told the officer, "well, let me have the money and I will go get it for you, but you will have to wait for me here." The officer testified that he gave the appellant fifty dollars for one gram of heroin whereupon appellant told the officer, "no, you are going to have to buy two grams so I can have some of it, or else I'm not going to do it." The officer gave the appellant an additional fifty dollars; the appellant left and returned in a short time with four squares of aluminum. He asked the officer to pick the two largest squares. The officer did so and appellant retained the other two squares. The squares delivered to the officer, by chemical analysis, were determined to contain heroin.

During appellant's testimony, he denied that he was dealing in heroin at any time in September, October, or November, 1978.

The officer admitted that he had no direct knowledge as to who initiated the transaction or who initiated the conversation about the exchange of heroin. That is, he did not know whether Rosalinda asked the appellant to sell or whether appellant asked her if she wanted to sell.

Appellant raised the issue of entrapment in the following manner. He testified that he had been in prison and was released on September 22, 1978. After his release he established a sexual relationship with the informant Rosalinda Cervantes. He testified that it was through this sexual relationship with Rosalinda that she was able to influence him and get him to "do these things." He testified that "a man starved for companionship for low, those many months is easily molded clay in her hands."

He further testified that he would not have delivered any heroin to anyone without having been requested to do so by Rosalinda Cervantes—that she asked him to do it and that was why he did it. The undercover officer admitted that Rosalinda and the appellant had once travelled to Arizona. He further testified that the Austin Police Department paid the expenses of Rosalinda and the appellant coming back to Austin after they went off to Arizona together. The officer admitted that he was introduced to Rosalinda Cervantes by other officers of the Austin Police Department; that he was told that Rosalinda and he were to work together on heroin cases in East Austin; and that he was to be sent "specifically to East Austin with Rosalinda to work on making buys of controlled substances, specifically heroin." The appellant, on more than one occasion in his testimony, said that he would not have delivered the heroin if Rosalinda had not talked him into doing it. At one point in his testimony, he testified that he did not want to do so but that she kept on nagging him.

The defense of entrapment and the criteria for its application are codified in Tex. Pen.Code Ann. § 8.06 (1974), which provides:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section "law enforcement agent" includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

Prior to the enactment of § 8.06, evidence of other criminal acts by the defendant, tending to show that he was otherwise disposed to commit the offense charged, was admissible to refute the claim of entrapment. *Redman v. State,* 533 S.W.2d 29

(Tex.Cr.App.1976) (and authorities therein cited). However, the Court of Criminal Appeals has now recognized that under the present statute the defendant's predisposition to commit the crime is no longer material. *Bush v. State,* 611 S.W.2d 428 (Tex.Cr. App.1980); *Norman v. State,* 588 S.W.2d 340 (Tex.Cr.App.1979); *Langford v. State,* 571 S.W.2d 326 (Tex.Cr.App.1978) purportedly overruled for other reasons, on motion for rehearing, *Langford v. State,* 578 S.W.2d 737 (1979); *see also Craver v. State,* 628 S.W.2d 155 (Tex.App.1982, pet ref'd).

The State has the burden to disprove the defense of entrapment beyond a reasonable doubt after the issue has been properly raised by the evidence. As stated in *Bush v. State, supra,* "the defendant has the burden of producing evidence to raise the defense, but the prosecution has the final burden of persuasion to disprove it." The State's failure to disprove a defense beyond a reasonable doubt results in a final disposition of the criminal action and a bar to future prosecution of the defendant for the same offense. Where the defense is presented at trial and the State fails to sustain its burden, acquittal is required. Tex.Pen.Code Ann. § 2.03(d) (1974).

In the instant case appellant raised the issue of entrapment. We hold that the State has failed to disprove such defense beyond a reasonable doubt. The instant case is to be distinguished on its facts from *Bush v. State, supra.* In *Bush,* the informant Gray, with whom the appellant had grown up and known for twelve years, and whose half-sister he dated, called the appellant one evening and told him that he, Gray, had friends he had known for a year and one-half who wanted to buy some "dope." Gray, the informant, promised the appellant he would get the appellant high on "dope" if he would get the "dope" for Gray's friends. The Court of Criminal Appeals, on motion for rehearing, held that the appellant's testimony did not raise an issue of entrapment—that a promise to get appellant high on dope is so unlikely to induce a person not already so disposed to commit the criminal offense charged as to not even raise the issue of entrapment.

However, in the instant appeal, it is noted that the informant was more than a friend of the appellant. She was living with him and carrying on a sexual relationship with him, according to his testimony. There is evidence that she used this relationship to induce him to enter into the transaction with the undercover officer in this case. It would have been a simple matter for the State to call the informant, Rosalinda Cervantes, to dispute and disprove appellant's claim that he was entrapped by her urging and by her inducements. This, the State failed to do. Because the State has failed to disprove the defense of entrapment beyond a reasonable doubt, the proper remedy in this case is to order dismissal of the prosecution.

The judgment of conviction is reversed and remanded with instructions to dismiss with prejudice. The State's motion for rehearing is overruled.