Billy Sam DONNELL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–0156–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Kim Richardson, Law Offices of Wallace Shaw, Freeport, for appellant.

Jo Stiles Wiginton, Angleton, for appellee.

Before COHEN, WARREN and BASS, JJ.

## OPINION

COHEN, Justice.

A jury convicted the appellant of delivering more than one-fourth of an ounce but less than four ounces of marijuana and assessed punishment at five years imprisonment and a $2,500.00 fine.

A recitation of the facts is necessary for an understanding of the grounds of error. Around noon on September 2, 1982, one Bubba Humble came to the appellant's apartment in order to settle a $60.00 debt he owed the appellant. Humble was the appellant's friend and, unknown to the appellant, was a paid informant and agent for Brazoria County peace officers. Humble brought a bag of marijuana which he offered to pay off the debt, but the appellant demanded cash, whereupon Humble suggested leaving the marijuana in the appellant's apartment and selling it later in order to generate cash to pay off the debt. The appellant agreed. Later that evening Humble and Officer Bullard, disguising himself as a narcotics buyer, purchased approximately four ounces of marijuana for $175.00 from the appellant. This transaction was the basis of the indictment.

Humble did not testify at trial; however, peace officers admitted that he was a paid confidential informant working closely with the Brazoria County Organized Crime Unit. Humble was paid $20.00 for each case he made, that is, each time he introduced an undercover officer to a person who sold the officer contraband. Humble was paid after the buy or at the end of the week and had arranged forty to fifty such cases for the Brazoria County Organized Crime Unit, most of which were made prior to the appellant's case. This was Humble's sole source of income. The officers denied giving specific instructions to Humble to make a case against the appellant, but they did explain generally to Humble how he should operate and paid him for acting as they had instructed him.

Officer Bullard testified that the appellant personally handed him a brown bag containing approximately four ounces of marijuana and told him it was cut from the same pound as a one ounce sample which had been displayed. Bullard testified that the appellant quoted the price, received the $175.00, and stated that he would have more marijuana available for sale. The appellant testified that he kept $60.00 and gave the rest of the money to Humble. He

denied stating he would have marijuana to sell in the future.

The appellant's third ground of error contends that the trial court erred in failing to direct a verdict of acquittal because the evidence was insufficient. The appellant argues that his testimony established the defense of entrapment as a matter of law and that the State failed to disprove entrapment beyond a reasonable doubt.

Texas Penal Code Annotated sec. 8.06 (Vernon 1974) provides:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section law enforcement agent includes personnel of the State and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

■ If evidence supporting the defense of entrapment is admitted, the issue is submitted to the jury with the instruction that a reasonable doubt on the issue requires an acquittal. Tex.Penal Code Ann. sec. 2.03(c), (d) (Vernon 1974). The legislature in adopting sec. 8.06 adopted what is known as "the objective entrapment test." *Rodriguez v. State*, 662 S.W.2d 352 (Tex. Crim.App.1984). As stated in *Norman v. State*, 588 S.W.2d 340, 346 (Tex.Crim.App. 1979):

The objective entrapment test mandates that the trial court, having once determined that there was an inducement, need now consider only the nature of the State agent activity involved, without reference to the predisposition of the particular defendant.

In *Bush v. State*, 611 S.W.2d 428, 430 (Tex.Crim.App.1980), the court held:

The issue for determination, then, is what effect the agent's inducement would likely have upon persons general-

ly. The defendant's criminal disposition is immaterial to this inquiry so, under the test of sec. 8.06, once the inducement element is established the trial court need consider only whether the methods of persuasion used were likely to induce persons not ready and willing to commit the crime to engage in the conduct charged. Where the inducement attains that level of intensity, entrapment has occurred regardless of whether the particular defendant would have committed the crime with less or no encouragement.

▇ Several cases have recognized the possibility that a defendant may establish entrapment as a matter of law by testifying to facts which are known only to him and the state's agent. If, as in the instant case, the state's agent does not testify, a reversal may be required, unless other evidence disproves that entrapment occurred. This is because the State has the burden of proof to disprove entrapment beyond a reasonable doubt under Penal Code sec. 2.03(d), *supra.* As stated in *Bush v. State, supra,* at 430:

> In other words, the defendant has the burden of producing evidence to raise the defense, but the prosecution has the final burden of persuasion to disprove it.

In following the persuasive authority of sec. 2.03, we recognize the underlying policy considerations involved in adopting an appropriate standard of proof. As in the instant case, most claims of entrapment will arise from transactions involving undercover agents or informants or both. Often the defendant may not know the true identity of the law enforcement agents. As a result, locating these persons—for the purposes of conducting a pre-trial investigation or having a witness subpoena served—may prove difficult if not impossible for the defendant. On the other hand, the State is much more likely to know the identity and location of its own undercover personnel. Undoubtedly, the circumstances will provide the State with greater access to the essential testimony of the agents involved in the claimed entrapment. Therefore, as a matter of fairness and convenience, the State rather than the defendant should be faced with the need to produce these witnesses in order to sustain the burden of persuasion.

Although the panel opinion quoted from in *Bush, supra,* was not the final opinion in the case, it is recognized by the Court of Criminal Appeals as a controlling statement of the law. *Rodriguez v. State, supra.*

Cases discussing entrapment as a matter of law include *Bush v. State, supra* at 431; *Cook v. State,* 646 S.W.2d 952 (Tex.Crim. App.1983); and *Rodriguez v. State, supra.* None of those cases, however, held that entrapment was proved as a matter of law. In *Bush* the court held that it was unnecessary to produce the informant in order for the State to disprove entrapment as a matter of law because the inducement which the defendant described, namely, that the paid informant would get him high on drugs if he obtained drugs and delivered them to undercover agents, was "so unlikely to induce a person not already so disposed to commit the criminal offense charged as to not even raise the issue of entrapment." *Bush, supra,* at 432. Similarly, in *Rodriguez, supra,* the court found that the defense of entrapment was raised by the defendant, but the State's evidence "raised the issue of entrapment as a matter of fact", that is, the State's evidence was sufficient, if believed by the jury, to disprove entrapment beyond a reasonable doubt. Therefore, the court unanimously affirmed the judgment. *See also Cook v. State, supra.*

The issue in this case is whether Humble's persuasion of the appellant was likely to induce a person generally to commit the crime, and this issue must be decided without regard to the appellant's criminal disposition. In answering this question, we view the evidence in the light most favorable to the prosecution, just as we would on the elements of the case in chief on which the prosecution also has the burden of proof beyond a reasonable doubt. *Carl-*

*sen v. State,* 654 S.W.2d 444, 448 (Tex. Crim.App.1983).

We first observe that a jury is not required to believe any witness, including the appellant. Tex.Code Crim.Pro.Ann. art. 38.04 (Vernon 1979). The officers testified that marijuana was in the appellant's apartment in an amount equal to more than three times the amount of the debt; that the appellant took charge of the transaction, quoted the price, collected the money and the officers saw no division of the proceeds. The appellant told them he would have more to sell in the future. Without regard to any prior investigation or prior criminal acts linking the defendant to the drug trade, his conduct during this transaction and his demeanor at trial could have convinced the jury that he was not telling the truth about the inducements worked upon him by Humble. In the absence of some closer personal relationship between Humble and the appellant, or some evidence of the appellant's desperate immediate need for $60.00, the jury could have found the claim incredible.

Even if the jury were required to believe the appellant, or did, in fact, believe him, a rational jury could have found that persons generally would not be induced to deliver a felonious amount of an unlawful drug merely to obtain repayment of a $60.00 debt. Thus, even if the jury believed the appellant's uncontradicted testimony of Humble's persuasion, it was not required to find that such persuasion would have induced the objective reasonable man to commit the offense. Compare *Redman v. State,* 533 S.W.2d 29 (Tex.Crim.App.1976) decided under the pre-1974 Penal Code.

There will be few cases which establish entrapment as a matter of law, that is, where the government's inducement was so strong as to be irresistible in the eyes of any rational jury. Such issues are especially appropriate for jury determination.

The function of the objective test of entrapment is to deter police conduct which violates civilized society's standards for the proper use of governmental power. *Lang-*

*ford v. State,* 571 S.W.2d 326, 330 (Tex. Crim.App.1978). In Texas, the objective test exemplifies the legislature's recognition that there will be some cases in which the defendant is accused, but the government is convicted. Such events, we hope, will be rare, and the need for an appellate court to substitute its judgment for the jury's in determining when such an abuse has occurred will be even more rare. Certainly, that should not occur automatically every time the State's agent or witness fails to testify.

The appellant relies upon *Soto v. State,* 649 S.W.2d 801 (Tex.App.—Austin 1983, pet. granted) and *United States v. Bueno,* 447 F.2d 903 (5th Cir.1971) to show that entrapment can be established as a matter of law where the government agent who provoked the transaction fails to testify. The *Soto* case is not yet final, and we have found no Court of Criminal Appeals decision holding that entrapment was established as a matter of law.

In *Bueno, supra,* the court reversed a conviction and held that entrapment was proved as a matter of law where there was unrebutted testimony that one government agent supplied the defendant with narcotics which were then sold to another government agent. The court stated:

"If this [unrebutted] testimony is true, it is quite apparent that the heroin was purchased in Mexico with the government informer's money and credit. It is further apparent that the heroin was smuggled into the United States by the informer. The story takes on the element of the government buying heroin from itself, through an intermediary, the defendant, and then charging him with the crime. This greatly exceeds the bounds of reason stated by this court ...". 447 F.2d at 905.

The *Bueno* rule has apparently been overruled by the United States Supreme Court. See *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). *Hampton* was a five to three deci-

sion with the dissenters citing *Bueno* and arguing, unsuccessfully, that it be followed. A panel of the United States Court of Appeals for the Fifth Circuit has concluded that the Supreme Court "effectively reversed" *Bueno* by its decision in *Hampton. United States v. Benavidez,* 558 F.2d 308 (5th Cir.1977).

The federal cases recognize that the federal courts use a "subjective" test for entrapment which makes the defendant's predisposition to commit the crime a vital issue, in contrast to the Texas statute which adopts an objective test rendering the defendant's predisposition irrelevant. Regardless of the test used, however, it is apparent that the *Bueno* case is no longer good law in federal court, and we have found no Texas decision holding that entrapment was established as a matter of law.

Ground of error three is overruled.

The fourth ground of error contends that the trial court erred in admitting evidence, over proper objection, that the appellant had pleaded guilty and was, at the time of the offense and at the time of trial in this case, on probation for a misdemeanor offense, possession of narcotic paraphernalia. The probation was a conditional discharge, pursuant to sec. 4.12 of the Controlled Substances Act. The Court deferred further proceedings for twenty-four months without entering a judgment. The State concedes that the appellant was not finally convicted, and that the offense of possession of narcotic paraphernalia is not a misdemeanor involving moral turpitude. *Roliard v. State,* 506 S.W.2d 904 (Tex.Crim. App.1974); *Minter v. Joplin,* 535 S.W.2d 737 (Tex.Civ.App.—Amarillo 1976). The State concedes that the guilty plea and probation were not admissible to impeach generally the appellant's credibility, pursuant to Tex.Code Crim.Pro.Ann. art. 38.29 (Vernon 1979). *See Baehr v. State,* 615 S.W.2d 713 (Tex.Crim.App.1981); *Davis v. State,* 645 S.W.2d 288, 292 (Tex.Crim.App. 1983).

The State argues that the probation was offered to rebut the defense of entrapment, not to show that the appellant was generally untrustworthy, and, therefore, the evidence was a specific attempt to refute the appellant's version of his defensive theory of entrapment. The State relies on *Albrecht v. State,* 486 S.W.2d 97 (Tex.Crim.App.1972) for the proposition that extraneous offenses may be admitted to refute a defensive theory.

We are not persuaded by this argument. Texas has adopted the objective test of entrapment which "mandates that the trial court, having once determined that there was an inducement, need now consider only the nature of the State agent activity involved, without reference to the predisposition of the particular defendant." *Norman v. State, supra,* 588 S.W.2d at 346; *Rodriquez v. State, supra,* 662 S.W.2d at 355; *Bush v. State, supra; Langford v. State, supra.* The appellant's testimony on direct examination raised the defense of entrapment, but his predisposition to commit the offense was not relevant under the objective test. It was irrelevant and harmful to admit evidence of either the occurrence of this extraneous offense, or the probation resulting from it. *See Soto v. State, supra* at 803–804. The prosecutor repeatedly reminded the jury of the probation during his argument at both the guilt and punishment stages of the trial, and this was the only probation or conviction for any offense admitted against the appellant at either stage of the trial. The appellant was clearly harmed.

Further, the information on which the narcotics paraphernalia probation was based was fundamentally defective because it failed to allege every element of the offense. This is significant because the State's evidence was that the defendant had pled guilty and received probation for the offense, not merely that he had committed the offense. The appellant objected on this basis in the trial court.

The statute making possession of narcotics paraphernalia an offense on the date the appellant committed that offense, February 27, 1981, was sec. 4.07(a) of the Con-

trolled Substances Act, Tex.Rev.Stat.Ann. art. 4476-15, which provided:

A person ... commits an offense if he possesses a hypodermic syringe, needle, or other instrument that has on it a quantity (including a trace) of a controlled substance in penalty group one or two with intent to use it for administration of a controlled substance by subcutaneous injection in a human being.

The information alleged that the defendant did:

Unlawfully possess a brown bottle with a plastic top that had in it a trace of controlled substance in Penalty Group I, to wit: cocaine, with intent to use it for administration of the controlled substance.

The information failed to allege that the administration of the controlled substance was intended to be a subcutaneous injection in a human being. Absent this allegation, no offense was stated. Consequently, ground of error four is sustained.

The judgment is reversed and the cause is remanded for a new trial.