Teresa GILLIAM, Appellant,

v.

STATE of Texas, Appellee.

No. 11–87–011–CR.

Court of Appeals of Texas,
Eastland.

April 7, 1988.

Jim Shaw, Fort Worth, for appellant.

John Fouts, Dist. Atty., Haskell, for appellee.

## OPINION

DICKENSON, Justice.

The jury convicted Teresa Gilliam of a second degree felony offense, delivery of a controlled substance [less than 28 grams of amphetamine] [1] and assessed her punish-

---

1. The offense is defined in Section 4.031(b) of the Controlled Substances Act, TEX.REV.CIV. STAT.ANN. art. 4476–15 (Vernon Supp.1988).

ment[2] at confinement for three years and a fine of $5,750. We affirm the conviction.

Appellant presents four points of error. She argues that the trial court erred: (1) by allowing the State to introduce evidence of extraneous offenses; (2) in refusing to charge the jury on the lesser included offense of possession [as distinguished from delivery]; (3) in not granting a mistrial because of the State's jury argument "urging the jury to react to the demands of the community;" and (4) in charging the jury during the punishment phase that it "could consider good time, parole, and the period of time that the appellant would actually serve in the penitentiary." There is no challenge to the sufficiency of the evidence, and the jury rejected appellant's claim of entrapment.

■ The first point of error is overruled because the proof of other drug transactions between appellant and the State's principal witness was admissible to refute the defensive theory of entrapment. See, e.g., *Rubio v. State*, 607 S.W.2d 498 (Tex. Cr.App.1980); *Albrecht v. State*, 486 S.W. 2d 97 at 100 (Tex.Cr.App.1972). We find that the probative value of this evidence outweighs its inflammatory or prejudicial aspects. The jury was charged on the defensive theory of entrapment, and the evidence [of other drug transactions between the witness and appellant] was material and relevant to the contested issue of whether the undercover narcotics agent used threats, coercion, or undue economic pressure to cause appellant to commit the offense or whether the agent's conduct merely afforded appellant an opportunity to commit the offense.

■ Next, we hold that the trial court did not err in refusing the requested charge on the lesser included offense because appellant admitted in her testimony that she delivered the amphetamine to the undercover narcotics agent. Consequently, she does not meet the two-prong test which

is stated in, e.g., *Parr v. State*, 658 S.W.2d 620 (Tex.Cr.App.1983). There is no evidence that appellant is guilty of only the lesser offense of possession in view of her testimony as to the delivery. Consequently, the second point of error is overruled.

■ The third point of error refers to this part of the State's closing jury argument on the guilty or not guilty phase of trial:

DISTRICT ATTORNEY: [Y]ou take on a responsibility in finding the truth and in finding the facts of a case and your decision sends a message to the community.

It also sends a message to others who might sell drugs. It has an effect, ladies and gentlemen. I will ask you if this is the kind of activity you want going on in this county or the kind you want over in Knox County or Jones County or anywhere around you? We are not an island here. We are affected by all of it. Is this what you want going on here?

*Everybody always hits us up and we hear it about when are "they" going to do something about crime. When are "they" going to do something about drugs?*

DEFENSE COUNSEL: Your Honor, I am going to object. I believe that's a statement as to the community's request or the expectations of the community as to what is going to be done about drug problems. That's an improper jury argument.

THE COURT: I will sustain that and ask the jury to disregard that remark.

DEFENSE COUNSEL: I also ask for a mistrial because it was improper argument.

THE COURT: Denied. (Emphasis added)

Even if we believed that this was not a proper plea for law enforcement,[3] the

---

2. The punishment under this Act for a felony of the second degree is confinement for not less than two nor more than twenty years plus an optional fine of not more than $10,000. See Section 4.01(b)(2) of the Controlled Substances Act, supra note 1.

3. But see *Minafee v. State*, 482 S.W.2d 273 at 276 (Tex.Cr.App.1972), which held a similar argument to be a proper plea for law enforcement. See also *Huff v. State*, 660 S.W.2d 635 at 637 (Tex.App.—Corpus Christi 1983, pet'n ref'd).

court's prompt action in sustaining the objection and sua sponte instructing the jury to "disregard that remark" gave appellant all the relief to which she was entitled. The trial court did not err in overruling the motion for mistrial. See, e.g., *Thomas v. State*, 578 S.W.2d 691 at 695 (Tex.Cr.App. 1979).

■ The last point of error refers to appellant's nonspecific objection to the charge on the punishment phase of trial. That objection is quoted in full:

> DEFENSE COUNSEL: I have received a copy of the Court's Charge on Punishment in Case 5224, and I would object to the introduction of the part of the charge on page two beginning, "Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment"—*it goes on to talk about good time, parole and that sort of thing and I would object to that page in its entirety.*
>
> I would ask that you instruct the jury that you are not to consider the affect of the parole laws that it may have on the length of time that the Defendant might serve in the Texas Department of Corrections.
>
> THE COURT: That objection—I guess that would be an objection more than a request. The objection will be overruled and the request denied. (Emphasis added)

After the trial of this case, the Court of Criminal Appeals decided *Rose v. State*, — S.W.2d — (No. 193–87, Tex.Cr.App., November 12, 1987) (not yet reported). A majority of the court [Presiding Judge Onion and Judges Clinton, Duncan, Miller, Campbell, and Teague] held that TEX. CODE CRIM.PRO.ANN. art. 37.07, sec. 4(a) (Vernon Supp.1988) is unconstitutional.[4] A different majority of the Court [Presiding Judge Onion and Judges Miller, Campbell, Teague, McCormick, Davis, and White] held the error in charging the jury

pursuant to the unconstitutional statute would not result in a reversal unless there was also a showing of harm. Judge Teague would require the showing of harm pursuant to TEX.R.APP.P. 81(b)(2). The other members of the second majority would require the showing of harm pursuant to the standards announced in *Almanza v. State*, 686 S.W.2d 157 at 171 (Tex.Cr.App.1985).

In view of the fact that appellant's objection to the charge fails to state any specific grounds for the objection, we have reviewed the record for "egregious" harm. We hold that there was no egregious harm. Moreover, we also reviewed the entire record [all of the testimony, the entire jury charge, and the jury arguments] to see if appellant discharged her lesser burden under *Almanza* of showing "some" harm from the error. We find no harm, and we also have determined beyond a reasonable doubt, under TEX.R.APP.P. 81(b)(2), that the error made no contribution to the conviction or the punishment. The sentence [three years] was on the low end of the range of punishment [not less than two nor more than twenty years] which is authorized for the offense, delivery of a dangerous drug. The testimony shows that appellant was involved in the drug culture of the area and that her roommate was a drug dealer. The fourth point of error is overruled.

The judgment of the trial court is affirmed.

---

4. This is the statutory provision which obligated the trial court to charge the jury in the penalty phase of trial that the defendant "may earn time off the sentence imposed through the award of good conduct time;" that the length of imprisonment "might be reduced by the award of parole;" and that the jury is not to consider the manner in which good-conduct time or parole might be applied to this particular defendant. The jury in this case was charged pursuant to this statutory provision.