Trace Gene ENGLAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 91–00511–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 20, 1993.

Discretionary Review Granted
Sept. 22, 1993.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Pat Pattillo, Houston, for appellee.

Before SAM BASS, DUNN and WILSON, JJ.

## OPINION

SAM BASS, Justice.

This appeal is taken from a conviction for delivery of a controlled substance. Appellant, England, was sentenced to five-years confinement and a fine of $10,000.

We reverse.

England was convicted of delivering 1000 "hits" of lysergic acid diethylamide (LSD) to a police informant on June 1, 1990. The fact of delivery was not disputed, but England asserted the defense of entrapment. The trial judge allowed testimony about two prior sales of LSD by England to the informant, Victor Ayala. Counsel for England made a running objection to "any matters outside the parameters of the indictment upon which we are currently here at issue."

Ayala had been working as a confidential informant for several law enforcement or-

ganizations since April 1989. Initially, he agreed to set up drug deals in order to gain probation instead of imprisonment on his third felony conviction. At the time of appellant's arrest, Ayala was paid for each deal he set up, with the amount of payment tied to the quantity of drugs involved.

England worked at the same business as Ayala. Ayala testified that England had bragged that he was making money selling drugs. Ayala asked England to find some LSD for him. On two occasions prior to this transaction, England had delivered some small amounts of LSD to Ayala. In March 1990, England changed jobs, because Ayala was constantly bothering him about drugs. Ayala called England at his new job asking for more LSD. England told him he would call him later, but never returned the call. England testified that during the three weeks prior to this transaction he received 10 to 15 calls a day from Ayala, as messages on his home telephone recorder. He stated he did not return the calls because he did not want to talk to Ayala. Ayala reached him on May 30 when England answered his telephone instead of letting the recorder screen his calls. England testified that Ayala told him the buyers were getting very upset with him. He stated he was afraid Ayala was going to talk to his mother and decided to arrange the deal so Ayala would leave him alone. Ayala agreed he initiated the contact with England and it was he who insisted the deal had to be for 1000 hits. At trial, the judge overruled England's repeated objections to evidence of the first two sales to Ayala. The first two transactions were referred to throughout the trial, at the guilt and punishment phases.

Appellant's sole point of error complains the judge allowed evidence of the two prior sales of LSD without a showing the evidence was relevant for purposes other than character conformity.

■ The entrapment defense, as defined in the Texas Penal Code, section 8.06(a),[1]

involves an objective test. The test only considers the nature of the police conduct to induce the crime, not the predisposition of the defendant to commit the crime. *Bush v. State*, 611 S.W.2d 428, 429 (Tex. Crim.App.1981). The commentary to section 8.06 states "[t]he defendant's predisposition to commit the crime ... [is] immaterial." Searcy & Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 8.06 (Vernon 1974). *See also Bush*, 611 S.W.2d at 430.

■ The State maintains that extraneous offenses are admissible in rebuttal to a defensive theory, such as entrapment, and the prior transactions are admissible to show the police activity was reasonable because "it shows appellant was agreeable to making sales." That argument is the same as saying the extraneous offenses show the defendant was predisposed to committing the crime. The legislature has stated that such evidence is immaterial in assessing an entrapment defense. The Texas Court of Criminal Appeals has also stated that "evidence of other criminal acts by the appellant does not rebut the claim of entrapment." *Bush*, 611 S.W.2d at 431. In *Bush*, the State pointed out that during pretrial testimony the appellant admitted making other drug sales to the agent and contended the admission "constitutes rebuttal evidence which the trial court could consider in determining whether the informant's actions unlawfully induced appellant to engage in the conduct charged." *Id.* However, the court of criminal appeals noted the appellant's predisposition "is no longer a consideration of the test of entrapment" and "evidence of other criminal acts by the appellant does not rebut the claim of entrapment." *Id.*

In *Donnell v. State*, 677 S.W.2d 199, 203 (Tex.App.—Houston [1st Dist.] 1984, no pet.), the State argued that an extraneous offense was offered to refute the appellant's version of his defensive theory of

---

**1.** (a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. TEX.PENAL CODE ANN. § 8.06(a) (Vernon 1974.)

entrapment. This Court rejected that argument, stating:

> Texas has adopted the objective test of entrapment which "mandates that the trial court, having once determined that there was an inducement, need now consider only the nature of the State agent activity involved, without reference to the predisposition of the particular defendant." The appellant's testimony on direct examination raised the defense of entrapment.... It was irrelevant and harmful to admit evidence of either the occurrence of this extraneous offense, or the probation resulting from it. The prosecutor repeatedly reminded the jury of the probation during his argument at both the guilt and punishment stages of the trial.... The appellant was clearly harmed.

*Id.* (citations omitted).

 Finally, the State suggested appellant could not complain of the admission of the evidence because he also elicited testimony regarding the two prior transactions. The case cited by the State, *Dyche v. State*, 490 S.W.2d 568, 569 (Tex.Crim. App.1973), does state "an accused may not complain of testimony which he himself has also elicited." However, more recent decisions by the court of criminal appeals have stated more clearly that an accused may not complain of evidence that was *first* introduced by the accused. *Webb v. State*, 760 S.W.2d 263, 269 (Tex.Crim.App.1988); *Adams v. State*, 685 S.W.2d 661, 669 (Tex. Crim.App.1985). Clearly, an accused must be allowed to address evidence that has been admitted over objection without waiving the right to complain on appeal.

The trial court erred in admitting evidence of the appellant's prior sales to the informant.

Appellant's sole point of error is sustained.

The judgment is reversed, and the cause remanded.

WILSON, J., dissenting.

WILSON, Justice, dissenting.

The issue presented in this appeal is whether evidence of extraneous offenses is admissible when: (1) the accused alleges entrapment as a defense, and (2) the extraneous offenses sought to be admitted occurred in the context of the previous relationship between the accused and the informant-law enforcement agent alleged to have used improper inducements on behalf of the police. From the conclusion reached by the majority to this question, I respectfully dissent.

Evidence inadmissible for one reason may be admissible for another. The State may not be able to introduce evidence of appellant's character *generally* to overcome the defense of entrapment, but the jury is surely entitled to know the full context of the relationship between appellant and the informant-agent regarding the issue of whether the informant-agent's acts did, in fact, induce appellant to commit the crime as charged. Without the disputed evidence, how could the State have explained why the informant-agent telephoned the appellant so persistently in trying to obtain drugs? What the jury might see as inappropriate conduct between strangers, may (and by its verdict, did) seem reasonable in the context that included evidence of the previous drug exchanges.

The majority cites *Donnell v. State*, 677 S.W.2d 199, 203 (Tex.App.—Houston [1st Dist.] 1984, no pet.), in support of its position. *Donnell* is helpful in restating the objective test of entrapment which "mandates that the trial court, having once determined that there was an inducement, need now consider only the nature of the State agent activity involved, without reference to the predisposition of the particular defendant." *Donnell*, 677 S.W.2d at 203. But *Donnell* is not persuasive regarding the evidentiary point before us, as the extraneous offense offered in *Donnell* was outside the context of the relationship between the officer and the accused.

The majority primarily relies on *Bush v. State*, 611 S.W.2d 428, 429 (Tex.Crim.App.

1981), as authority for its holding. *Bush* was overruled in an opinion issued in response to the State's motion for rehearing. *Bush*, 611 S.W.2d at 432. Although the original *Bush* opinion has been cited many times for the general test to be applied regarding the entrapment defense, I do not find it cited for the evidentiary holding relied on by the majority, and it is only dicta regarding the issue before us.

Under the charge, the jury had to decide whether the informant-agent's conduct pressured appellant into committing the offense, or whether the conduct merely afforded appellant with the opportunity to commit the offense. The introduction of extraneous offenses has been permitted to allow the State to refute a claim of entrapment. *Ivatury v. State*, 792 S.W.2d 845, 851 (Tex.App.—Dallas 1990, pet. ref'd), *Gilliam v. State*, 749 S.W.2d 582, 583 (Tex. App.—Eastland 1988, no pet.). The facts in *Gilliam* similarly involve other drug transactions between the defendant and the State's witness.

Finding no error, I would affirm the trial court's judgment.