Michael Wayne **LANGFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 56977.

Court of Criminal Appeals of Texas, En Banc.

March 28, 1979.

M. Bruce Fort, Texas City, for appellant.

James F. Hury, Jr., Dist. Atty., and Michael P. Heiskell, Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON MOTION FOR REHEARING

DOUGLAS, Judge.

Leave to file the State's motion for rehearing was granted by the Court en banc to review the opinion by the panel which held that appellant was entrapped as a matter of law. One judge concurred in the result and one judge dissented. The local prosecutor filed a late motion for rehearing. This Court may grant a rehearing if a motion is filed within fifteen days after the opinion has been handed down. Rule 12c, Rules of the Court of Criminal Appeals, January 1, 1978. The Court, within its discretion, may grant a rehearing at any time during the term of the original opinion.

In the present case the term of the court had expired and the judgment became final before the motion for leave to file for rehearing was filed. Because of this, the reversal of the order revoking probation will not be disturbed. However, it should be noted that the Court as a whole will not be bound by the holding of one judge of the panel and one judge concurring in the result.

The one judge opinion on original submission did not set out the contradictory as well as the agreed testimony.

Officer Frank Fleming asked the appellant to assist him in catching burglars. One of the conditions was that appellant had to consult with Fleming first, so that the participants could be caught during a burglary. Fleming did not tell appellant to commit a burglary in another county. Appellant did not inform Fleming of the burglary beforehand. Appellant testified that Officer Fleming told him some time prior to the burglary "to cool it, to lay off" for a while. Appellant admitted taking part in the burglary. After he was arrested he was warned by an officer and a magistrate of his rights. He testified that the officer promised him nothing and that he confessed to taking part in the burglary.

Appellant did not report to Officer Fleming between the time of the burglary until he learned that a warrant had issued for his arrest some two days later. Appellant did not tell the officer who took the confession or the magistrate that he was authorized by Fleming to take part in the burglary.

The trial judge had the right to believe appellant's testimony that Officer Fleming had told him "to cool it and to lay off." And even if the judge believed appellant's explanation that he participated in the burglary to keep down suspicion of his involvement to help in arresting burglars, that would be insufficient to show that the officer entrapped him into committing the burglary in Brazoria County out of Officer Fleming's bailiwick which was in Galveston County.

In any event, all of the evidence shows that appellant did not get in touch with Officer Fleming to inform him before the burglary was committed, and the officer had told him to "lay off." The undisputed testimony shows that appellant was not entrapped as a matter of fact or law in committing the burglary which was used to revoke probation.

In addition to this, the trial court specifically stated that he did not believe appellant's testimony. The credibility of the witness was to be judged by the court hearing the motion to revoke probation and not this Court. The trial court expressed concern of appellant's admission that he was using narcotics in violation of the law which was a violation of his probation.

So that trial judges and attorneys will not be misled, the opinion of the panel on original submission is overruled even though this does not affect the outcome of this case.

The State's motion for rehearing is overruled.

ROBERTS, ODOM, PHILLIPS and CLINTON, JJ., concur in the result.