11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Tony
Keith Day

Appellant

Vs.                   No. 11-01-00216-CR B Appeal from
Brown County

State
of Texas

Appellee

 

This is an appeal from a judgment revoking community
supervision.  Appellant was originally
convicted, upon his plea of guilty, of unauthorized use of a motor
vehicle.  The trial court assessed his
punishment at confinement for 2 years and a $3,000 fine.  However, the imposition of the confinement
portion of the sentence was suspended, and appellant was placed on community
supervision for 5 years.  At the hearing
on the State=s motion to
revoke, appellant entered pleas of true to 9 of the State=s 11 allegations.  The State presented two witnesses, and
appellant then testified in his own behalf. 
The trial court found that appellant had violated the terms and
conditions of his community supervision, revoked his community supervision, and
imposed the original sentence of confinement for two years.  We affirm.








Appellant=s court-appointed counsel has filed a
brief in which he states that, after a diligent search of the record and after
consultation with appellant, he is unable to identify any arguable ground for
reversal.  Counsel states that, in
correspondence, appellant raised the issue of insufficient evidence to support
the revocation of his community supervision. 
Counsel points out that appellant entered pleas of true and stipulated to
evidence to support nine of the allegations. 
Counsel also stated in his brief that appellant informed counsel that
Terry Stewart, the State=s only witness concerning the allegation
that he committed the offense of assault and his former girlfriend, gave
perjured testimony that appellant had kicked her.  Relying on the cases of Langford v. State, 578 S.W.2d 737
(Tex.Cr.App.1979), and Brumbalow v. State, 933 S.W.2d 298 (Tex.App. - Waco
1996, pet=n ref=d), counsel
states that the trial court is the sole judge of the weight and credibility of
the witnesses and concludes that the record does not establish that the trial
court abused its discretion.  Appellate
counsel further reviews trial counsel=s representation, concludes that trial
counsel afforded reasonably effective representation, and states that appellant
consulted with his trial counsel about the allegations and that appellant has
voiced no complaint concerning trial counsel=s representation.

Counsel has furnished appellant with a copy of the brief and
advised appellant of his right to review the record and file a pro se
brief.  A pro se brief has not been
filed.  Counsel has complied with the
procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and
Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).

Following the procedures outlined in Anders, we have
independently reviewed the record.  We note
that, in a community supervision revocation hearing, the State has the burden
of proving by a preponderance of the evidence that a condition of community
supervision has been violated.  Jenkins
v. State, 740 S.W.2d 435 (Tex.Cr.App.1983). 
Proof of one violation of the terms and conditions of community
supervision is sufficient to support the revocation.  McDonald v. State, 608 S.W.2d 192 (Tex.Cr.App.1980); Taylor v.
State, 604 S.W.2d 175 (Tex.Cr.App.1980); Moses v. State, 590 S.W.2d 469
(Tex.Cr.App.1979).  The trial court is
the trier of the facts and determines the weight and credibility of the
testimony.  Garrett v. State, 619 S.W.2d
172 (Tex.Cr.App.1981); Barnett v. State, 615 S.W.2d 220 (Tex.Cr.App.1981).  A plea of true alone is sufficient to support
the trial court=s determination
to revoke.  Moses v. State, supra; Cole
v. State, 578 S.W.2d 127 (Tex.Cr.App.1979). 
Appellate review of an order revoking community supervision is limited
to the issue of whether the trial court abused its discretion.  Flournoy v. State, 589 S.W.2d 705
(Tex.Cr.App.1979).    

Stewart testified that, while she was living with him,
appellant kicked her with his foot on her chin.  She also testified that they drank beer daily and that appellant
used crack cocaine on Aa weekly basis.@ 
Jay Curtis, appellant=s supervising officer, testified that
appellant admitted to him nine different times that he had used alcohol; that
appellant admitted that he had used crack cocaine twice; that his records
supported appellant=s plea of true to the allegation that he failed
to report as ordered; that appellant had failed to maintain employment as
ordered; that appellant had left Brown County without permission; that
appellant tested positive for cocaine use; and that appellant was delinquent in
his court costs, community supervision fees, and fine. 








Appellant testified that he had not kicked Stewart and that,
while he might Ahave said
something@ to her, he Awould never
hurt her.@  Appellant further testified that, while he
was not working the day he was arrested, he had had a job A98 percent of
the time.@  Appellant asked the trial court to continue
his community supervision and stated that he was willing to report once a week;
that he was willing to submit to weekly urinalysis examinations; that he was
willing to be monitored electronically; that he had quit drinking; that he
could stay away from drugs; that he was not requesting treatment but that he
would go to Alcoholics Anonymous if the trial court desired; and that he was willing
to make extra payments to catch up on his fees, fine, and costs.  Appellant admitted that, while he had not
previously complied with the terms and conditions of his community supervision,
he would do so now.  

Appellant=s pleas of true and testimony presented
is sufficient to support the trial court=s conclusion that appellant committed all
of the 11 allegations.  The trial court
did not abuse its discretion.  The
record does not reflect that appellant was denied the reasonable effective
assistance of counsel.    Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770
(Tex.Cr.App.1999).  We agree that the
appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

March
21, 2002

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.