COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

DUSTIN
EVAN RICE,                                         )                    No. 
08-01-00448-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                     142nd District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of Midland County, Texas

                                                                              )


Appellee.                           )                           (TC# CR23850)

 

O
P I N I O N

 

Dustin
Evan Rice appeals from an order of the trial court revoking community
supervision. Finding no error, we affirm.

FACTUAL SUMMARY








On
December 2, 1999, Appellant entered a guilty plea to burglary of a habitation.[1]  The trial court assessed punishment at
imprisonment for ten years, but suspended the sentence for five years and
placed Appellant on community supervision. 
The State later filed a motion to revoke alleging in the first paragraph
that Appellant had violated the terms and conditions of probation by committing
three offenses on July 15, 2001, namely, driving while intoxicated, driving
while license suspended, and possession of cocaine.  The State alleged in the second paragraph
that Appellant had violated the trial court=s
order by consuming alcohol.

At
the revocation hearing, Appellant entered a plea of not true to the first
paragraph but pled true to the second paragraph.  Based upon the evidence and Appellant=s plea of true, the trial found the
allegation in the second paragraph to be true. 
Additionally, the court found that the State had proved the allegations
stated in the first paragraph. 
Consequently, the court revoked Appellant=s
community supervision, but reduced his sentence to imprisonment for a term of
seven years.  On appeal, Appellant
alleges he was denied the effective assistance of counsel in connection with
his revocation hearing.  Further, he
challenges the sufficiency of the evidence supporting the trial court=s findings with respect to paragraph
one of the motion to revoke.

EFFECTIVE ASSISTANCE OF COUNSEL

In Point of Error No. One, Appellant contends that he was
denied the effective assistance of counsel at his revocation hearing because
his attorney allowed him to plead true to the second paragraph of the motion to
revoke.  A probation revocation
proceeding is neither a criminal nor a civil trial, but rather an
administrative hearing.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.
1993).  Although the proceeding is
administrative in nature, a probationer has the right to be assisted by
counsel.  Hill v. State, 480
S.W.2d 200, 202-03 (Tex.Crim.App . 1971), citing Mempa v. Rhay, 389 U.S. 128, 88 S.Ct.
254, 19 L.Ed .2d 336 (1967).  The right to assistance of counsel includes
the right to reasonably effective assistance of counsel.  See Strickland v. Washington, 466 U.S.
668, 687, 104 S.Ct. 2052, 2063, 80
L.Ed.2d 674 (1984).








The
proper standard for determining claims of ineffective assistance under the
Sixth Amendment is the two-step analysis adopted by the United States Supreme
Court in Strickland v. Washington. 
See Hernandez v. State, 988 S.W.2d 770, 771-72
(Tex.Crim.App. 1999). 
Under the first prong, the defendant must show that counsel=s performance was deficient, to the
extent that counsel failed to function as the Acounsel@ guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App.
1994).  The defendant must
demonstrate that his attorney=s
representation fell below an objective standard of reasonableness under
prevailing professional norms.  Vasquez v. State, 830 S.W.2d 948, 949 (Tex.Crim.App.
1992).  Under the second prong,
the defendant must establish that counsel=s
deficient performance prejudiced the defense.  
Strickland, 466 U.S. at 687, 104 S.Ct.
at 2064, 80 L.Ed.2d at 693; Jackson, 877 S.W.2d
at 771.  Prejudice is established by a
showing that there is a reasonable probability that but for counsel=s unprofessional errors,
the result of the proceeding would have been different.  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877
S.W.2d at 771; Hernandez v. State, 726 S.W. .2d 53, 55
(Tex.Crim.App. 1986).  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson,
877 S.W.2d at 771.








When
we review a claim of ineffective assistance of trial counsel, we must indulge a
strong presumption that counsel=s
conduct falls within the wide range of reasonable, professional assistance and
the appellant must overcome the presumption that the challenged conduct can be
considered sound trial strategy.  Jackson,
877 S.W. .2d at 771; Calderon v. State, 950 S.W.2d 121,
126 (Tex.App.--El Paso 1997, no pet.).  An appellant challenging trial counsel=s performance therefore faces a
difficult burden and Aa
substantial risk of failure.@
See Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Allegations of ineffectiveness of
counsel must be firmly founded in the record. 
Hawkins v. State, 660 S.W.2d 65, 75 (Tex.Crim.App. 1983); Calderon, 950 S.W.2d at 126.  Under the Strickland test, the
appellant bears the burden of proving ineffective assistance by a preponderance
of the evidence.  Jackson, 877 S.W.2d at 771; Calderon, 950 S.W.2d at 126.

Because
Appellant did not file a motion for new trial raising this claim, the record
has not been developed with respect to the reasons for Appellant=s entry of this plea, the advice
provided to Appellant, or counsel=s
trial strategy.  Appellant contends that
further development of the record is unnecessary because entry of a plea of
true always results in an inability to show that the trial court abused its
discretion in revoking community supervision. 
In other words, there can be no viable trial strategy for entering a
plea of true in a revocation proceeding. 
We decline to hold that an attorney=s
advice to enter a plea of true to a revocation motion is always erroneous as
this decision may be supported by valid trial strategy.  

Appellant
is correct that a plea of true forecloses his ability to establish an abuse of
discretion in revoking his probation. 
However, the ability to raise such an issue on appeal is only one of the
factors an attorney must take into account when advising a client in a
revocation proceeding.  Appellant=s argument fails to consider that a
trial court is not automatically obligated to revoke community supervision upon
a plea of true.  To the contrary, the
court retains discretion to deny the motion to revoke and to continue the
defendant on community supervision even when a violation of the court=s order has been proven.  See Tex.Code Crim.Proc.Ann. art.
42.12, '22
(Vernon Supp. 2002).  Therefore, a
defendant may, as a matter of trial strategy, plead true to one relatively
minor allegation, in an effort to demonstrate his sincerity, but argue that the
court should exercise its discretion to leave him on community
supervision.  This strategy may be
especially viable in cases where the State has substantial evidence showing
that the defendant has violated the terms of his community supervision.  From the limited record before us, it appears
that counsel pursued such a strategy in this case.  








At
the revocation hearing, counsel pointed out in closing argument that Appellant
had been Atruthful@ with the court by entering his plea to
the second paragraph.  Although he
acknowledged that the court had heard the evidence in the case, he pointed out
that the remaining allegations would be heard by a jury a few months later and
subjected to a higher standard of proof than the preponderance of the evidence
standard applied by the court in the revocation proceeding.  In the absence of a fully developed record,
Appellant is unable to show that the challenged conduct is not valid trial
strategy.  For these reasons, Point of
Error No. One is overruled.

REVOCATION OF COMMUNITY SUPERVISION

In Point of Error No. Two, Appellant challenges the legal
sufficiency of the evidence supporting the trial court=s
finding that he violated the terms and conditions of his probation as alleged
in paragraph one of the motion to revoke. 
In a community supervision revocation proceeding, the State bears the
burden to establish the alleged violations of the trial court=s order by a preponderance of the
evidence.  Cobb v.
State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); Becker
v. State, 33 S.W.3d 64, 66 (Tex.App.‑-El
Paso 2000, no pet.).  It is the
trial court=s duty to
determine whether the allegations in the revocation motion are true.  Langford v. State,
578 S.W.2d 737, 739 (Tex.Crim.App. 1979); Becker,
33 S.W.3d at 66.  In making this
determination, the trial court is the sole trier of
facts, and the judge of the credibility of the witnesses and the weight to be
given the testimony.  Taylor
v. State, 604 S.W.2d 175, 179 (Tex.Crim.App.
1980); Becker, 33 S.W.3d at 66.








When
the State has sustained its burden of proving the allegation by a preponderance
of the evidence and no procedural obstacle is raised, the decision whether to
revoke probation is within the discretion of the trial court.  Flournoy v. State, 589 S.W.2d 705, 707 (Tex.Crim.App.
1979); Gordon v. State, 4 S.W.3d 32, 35 (Tex.App.‑-El
Paso 1999, no pet.).  Under such
circumstances, the trial court=s
discretion is substantially absolute.  Flournoy, 589 S.W.2d at 708;
Gordon, 4 S.W.3d at 35.  Thus, the
only question presented on appeal is whether the trial court abused its
discretion in revoking probation.  Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App.
1981); Gordon, 4 S.W.3d at 35. 
If a single ground for revocation is supported by a preponderance of the
evidence and is otherwise valid, then an abuse of discretion is not shown.  Sanchez v. State,
603 S.W.2d 869, 871 (Tex.Crim.App. 1980); Gordon,
4 S.W.3d at 35.

We
need not review the sufficiency of the evidence to prove the allegations in the
first paragraph because Appellant=s
violation of the terms and conditions of community supervision as alleged in
the second paragraph and proven by his plea of true is sufficient, standing
alone, to support the revocation order.  See
Hays v. State, 933 S.W.2d 659, 661 (Tex.App.‑-San Antonio 1996, no pet.).  The trial court did not abuse its discretion
in revoking Appellant=s
community supervision.  Point of Error No. Two is overruled.  Having overruled both points of error, we
affirm the judgment of the trial court.

 

 

August 22, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]  On that same
date in cause number CR23894, Appellant also entered a guilty plea to
unauthorized use of a motor vehicle and he was placed on community supervision
in that case.  We have affirmed the
revocation order in that case.  Rice
v. State, No. 08-01-00449-CR (Tex.App.--El Paso,
August 22, 2002).