COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

MARY VILLA HAUMESSER,
)
 No. 08-02-00257-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 109th District Court

)


THE STATE OF TEXAS,
)
 of Winkler County, Texas

)


 Appellee.
)
 (TC# 4350)


MEMORANDUM OPINION



 Mary Villa Haumesser appeals from an order revoking her community supervision and
ordering her confined to the Texas Department of Criminal Justice, Institutional Division for ten
years. We affirm as reformed.

FACTUAL SUMMARY


 In February 2000, Appellant was placed on a ten year probated sentence in Winkler County
for the offense of sexual assault. She was ordered to pay restitution, court costs, supervision fees,
and evaluation fees. A short time later, she moved to Martin County, where on August 4, 2000, she
was charged with misdemeanor theft. By that point, some six months into her probation, Appellant
had failed to pay any of the requisite fees. On October 4, 2000, the State moved to revoke her
community supervision due to the charge of misdemeanor theft; her failure to timely register a
change of address between April 17 and May 17, 2000; and her failure to pay monies owed. Before
a hearing was conducted, Appellant was incarcerated on other charges. She served time from
October 2000 until July 2001, and she obviously paid no fees during this time.

 At the hearing on the motion to revoke, Appellant pled "not true" to the allegations. The
court granted the motion and sentenced Appellant to ten years in the Texas Department of Criminal
Justice Institutional Division. This appeal follows.

STANDARD OF REVIEW


 A trial court's decision to revoke probation is reviewed for an abuse of discretion. Cardona
v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). A trial court abuses its discretion if the
decision is so clearly wrong as to lie outside the zone of reasonable disagreement. Cantu v. State,
842 S.W.2d 667, 682 (Tex.Crim.App. 1992), cert. denied, 509 U.S. 926, 113 S.Ct. 3046, 125
L.Ed.2d 731 (1993). We view the evidence presented in a revocation proceeding in the light most
favorable to the trial court's ruling. Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981).

SUFFICIENCY OF THE EVIDENCE


 In Issue One, Appellant challenges the sufficiency of the evidence supporting the trial court's
finding that she violated the terms and conditions of her probation. In a revocation proceeding, the
State must prove by a preponderance of the evidence that the defendant violated a condition of
probation as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.
1993); Becker v. State, 33 S.W.3d 64, 66 (Tex.App.--El Paso 2000, no pet.). It is the trial court's
duty to determine whether the allegations in the revocation motion are true. Langford v. State, 578
S.W.2d 737, 739 (Tex.Crim.App. 1979); Becker, 33 S.W.3d at 66. In making this determination,
the trial court is the sole trier of facts and the judge of the credibility of the witnesses and the weight
to be given the testimony. Taylor v. State, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980); Becker, 33
S.W.3d at 66.

 When the State has sustained its burden of proving the allegation by a preponderance of the
evidence and no procedural obstacle is raised, the decision to revoke probation is within the
discretion of the trial court. Flournoy v. State, 589 S.W.2d 705, 707 (Tex.Crim.App. 1979); Gordon
v. State, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.). Under such circumstances, the trial
court's discretion is substantially absolute. Flournoy, 589 S.W.2d at 708; Gordon, 4 S.W.3d at 35. 
Thus, the only question presented on appeal is whether the trial court abused its discretion in
revoking probation. Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981); Gordon, 4
S.W.3d at 35. If a single ground for revocation is supported by a preponderance of the evidence and
is otherwise valid, then an abuse of discretion is not shown. Sanchez v. State, 603 S.W.2d 869, 871
(Tex.Crim.App. 1980); Gordon, 4 S.W.3d at 35.

 The record does not reveal that Appellant was convicted of the misdemeanor theft. Indeed,
witnesses expressed their vague recollections that the charge had been dismissed. The trial court did
not find the allegation to be true, and properly so. The judgment, however, incorrectly includes the
theft charge as a condition of probation which Appellant had violated. We address this error in our
discussion of Issue Two below.

 The record does reveal that Appellant registered her change of address--as is required for a
sex offender--on three different occasions: August 17, 2000; August 1, 2001; and September 4,
2001. But she had no receipts for registration prior to August 17, 2000, the day the parole violation
was reported. The basis for the motion to revoke was a failure to report an address change between
April 17 and May 17, 2000. According to her attorney:


 I don't want to mislead the Court, that's not proof that she registered on the date. We
don't have that. She was in the penitentiary shortly thereafter and lost her paperwork.


As for the failure to pay monies due, the evidence clearly established that she had not paid anything
toward her obligation. She offered testimony that she was unable to pay during the nine months she
was in jail, but the State demonstrated that she had paid no monies before she was incarcerated and
the defense conceded she had paid none since her release.

 The State proved by a preponderance of the evidence that Appellant failed to provide proper
notification of her change of address and that she had not tendered any of her monthly payments. 
Because the evidence supports the revocation, we find no abuse of discretion. Issue One is
overruled.

JUDGMENT


 In Issue Two, Appellant argues that the trial court's judgment is defective. We agree. 
Appellant pled "not true" to the allegations contained within the motion to revoke, but the judgment
incorrectly reflects a plea of "true." The judgment also conflicts with the trial court's oral ruling on
the misdemeanor theft, as we have previously noted. Despite Appellant's suggestion, clerical errors
do not require reversal. We may modify the trial court's judgment to correct a clerical error when
we have the necessary information before us to do so. See Tex.R.App.P. 43.2(b); Bigley v. State, 865
S.W.2d 26, 27-28 (Tex.Crim.App. 1993); Asberry v. State, 813 S.W.2d 526, 529-30 (Tex.App.--Dallas 1991, pet. ref'd). Accordingly, we sustain Issue Two and modify the trial court's judgment
revoking community supervision, first to reflect that Appellant pled "not true" to all of the
allegations, and second to delete the following from the "CONDITIONS VIOLATED":

 The defendant has committed an offense against the laws of the State of Texas,in
that, on or about August 4, 2000, the defendant was charged with Class B theft in
Stanton, Martin County, Texas.


NOTICE OF VIOLATIONS


 In Issue Three, Appellant contends that the allegations of probation violations were invalid,
improper, and failed to provide adequate notice. Her first complaint addresses the impropriety of
revoking her probation upon a charge of theft as opposed to a conviction. We have previously
indicated that the evidence did not support the allegation and we have reformed the judgment to
delete the finding of a violation on that basis.

 Appellant next argues that the State did not allege a time frame for her failure to pay the
requisite fees, costs, and restitution. The record establishes that Appellant never paid any of the
sums due. The motion to revoke sets forth each of the fees required and the amount of arrears, which
coincided with the months the probation order had been in effect. While she has established her
inability to pay for the period of her incarceration, Appellant offered no evidence of her inability to
pay either before or after. Issue Three is overruled. The judgment is affirmed as reformed.



October 2, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)