Affirmed and Memorandum Opinion filed May 15, 2008








Affirmed and Memorandum Opinion filed May 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00969-CR

_______________

 

ISMAEL AVALOS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1059142

                                                                                                                                               


 

M E M O RA N D U M   O P I N I O N








Appellant,
Ismael Avalos, appeals his conviction for possession with intent to deliver at
least 400 grams of cocaine on the grounds that the trial court erred by (1)
denying his motion to suppress, and (2) denying his motion to require
disclosure of the confidential informant.[1] 
All dispositive issues are clearly settled in law.  Accordingly, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

I. Background

The
following recitation of salient facts is gleaned from appellant=s affidavit in support of his motion
to disclose the confidential informant and the State=s evidence.[2]
Between November 2005 and February 2006, a casual acquaintance, known to
appellant as Miguel or Miguel Angel,[3] whom
appellant now believes was a police informant, repeatedly contacted appellant
requesting assistance in acquiring a large amount of cocaine.  Appellant
continuously refused Miguel=s requests through February 2006.  However, on February 23,
2006, appellant agreed to supply the requested cocaine  and advised Miguel to
meet him the next day.








During
their meeting on February 24, 2006, Miguel observed appellant in possession of
cocaine and subsequently instructed appellant to drive to another location in
order to meet the buyer. Officer Donaciano Moreno stopped and arrested
appellant for traffic code violations when appellant was en route to the new
location.  During an inventory search of appellant=s vehicle, Officer Moreno discovered
a duffel bag containing several bricks of cocaine.  

The
trial court denied appellant=s motion to suppress the cocaine.  Further, after holding an
in-camera hearing and a hearing on the record, the trial court denied appellant=s motion to require disclosure of the
confidential informant.  Appellant subsequently pleaded guilty to possession
with intent to deliver at least 400 grams of cocaine.  The trial court
sentenced appellant to confinement for  thirty-three years and assessed a $100
fine.

II. Analysis

In his second and third issues, appellant contends the
trial court erred by denying his motion to suppress and his motion to require
disclosure of the State=s confidential informant.  A. Motion to Suppress

In his
second issue, appellant contends the trial court abused its discretion by
denying his motion to suppress.  Specifically, appellant argues that Officer
Moreno=s warrantless search of his vehicle
was unlawful because the Nonresident Violator Compact of 1977[4]
allegedly prohibited appellant=s arrest.

However,
appellant failed to preserve error on this issue.  Generally, to preserve a
complaint for appellate review, the record must show a timely complaint was
made to the trial court stating the grounds for the desired ruling with
sufficient specificity to make the court aware of the complaint, unless the
specific grounds were apparent from the context.  Tex. R. App. P. 33.1; Reyna v. State, 168 S.W.3d
173, 177 (Tex. Crim. App. 2005).








In
support of his motion to suppress, appellant argued only that his arrest was
based on information from a confidential informant and the officer did not have
probable cause.  Appellant did not object in the trial court that his arrest
violated the Nonresident Violator Compact of 1977.  Consequently, we overrule
appellant=s second issue because he failed to preserve his complaint for our
review.  

B.        Confidential-Informant
Motion

In his
third issue, appellant contends the trial court abused its discretion by
denying his confidential-informant motion. 

The
Supreme Court has long held that, under the Ainformer=s privilege,@ law- enforcement officers may
withhold the identity of persons who furnish information regarding violations
of law.  See Rovario v. U.S., 353 U.S. 53, 59 (1957).  The privilege
protects the public interest in effective law enforcement.  Id.  Additionally,
under this privilege, our courts recognize the obligation of citizens to
communicate their knowledge of the commission of crimes to law-enforcement
officials and, by preserving their anonymity, citizens are encouraged to
fulfill that obligation.  Id.  Our Legislature codified the informer=s privilege in rule 508 of the Texas
Rules of Evidence.  See Tex. R. Evid. 508.  Under rule 508, the State
has a privilege to withhold the identity of any person who provided information
relating to, or assisting in, an investigation of a possible crime.  Tex. R.
Evid. 508(a).            However, among several exceptions, an informant=s identity must be disclosed if the
informant=s testimony is necessary to fairly determine the accused=s guilt or innocence.  Tex. R. Evid
508(c)(2).  The accused bears the burden to establish a Aplausible showing@ that the informant=s testimony is necessary.  See
Bodin v. State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991).  To meet his
burden, the accused must provide more than mere conjecture or speculation; he
must show the informant=s testimony would significantly aid the jury in determining
guilt or innocence.  Id.  Further, whenever it is shown an informant was
an eyewitness to an alleged offense, then that informant can give testimony
necessary to a fair determination of guilt or innocence.  See Anderson v.
State, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991).








If the
accused meets his burden, the trial court must conduct a hearing in-camera to
allow the State to rebut the accused=s plausible showing.  Bodin,
807 S.W.2d at 318B19; Long v. State, 137 S.W.3d 726, 732 (Tex. App.CWaco 2004, pet. ref=d).  The trial court should order
disclosure if there is a reasonable probability that the informant could give
testimony necessary to a fair determination of guilt or innocence.  Portillo
v. State, 117 S.W.3d 924, 928 (Tex. App.CHouston [14th Dist.] 2003, no pet.).

We
review the trial court=s ruling on a confidential-informant motion for abuse of
discretion.  Ford v. State, 179 S.W.3d 203, 210 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d); Sanchez v. State, 98
S.W.3d 349, 356 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d).  We affirm the ruling unless the
trial court=s decision was so clearly wrong as to lie outside the zone of reasonable
disagreement.  See Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim.
App. 1990).  We may not substitute our judgment for that of the trial court;
rather, we must decide whether the trial court=s decision was arbitrary or
unreasonable.  Id.  We must consider all the circumstances of the case
to determine whether the trial court abused its discretion by not requiring the
State to disclose the informer=s identity.  See Olivarez v. State, 171 S.W.3d 283,
292 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 

Appellant
first contends the trial court abused its discretion because the alleged
informant was a material witness whose testimony was necessary to determine
whether appellant knowingly committed the offense charged.  However, the State
based appellant=s indictment solely on evidence obtained by Officer Moreno
during the inventory search of appellant=s vehicle.  Although Miguel met with
appellant shortly before appellant=s arrest, there was a period of time
between appellant=s meeting with Miguel and the subsequent traffic stop.  Further,
appellant acknowledges that Miguel did not witness his traffic violations, his
arrest, or Officer Moreno=s inventory search of his vehicle.  Accordingly, we cannot
conclude the trial court abused its discretion by finding that Miguel was not
an eyewitness to the incident at issue. 








Appellant
further argues he was entrapped; therefore, the alleged informant=s testimony was necessary for a fair
determination of appellant=s guilt or innocence.  It is a defense to criminal liability
if the actor engaged in the charged conduct because he was induced by a law
enforcement agent who used persuasion or other means likely to cause a  person
to commit the offense.  See Tex. Pen. Code Ann. ' 8.06 (Vernon 2003).  Accordingly,
determination of entrapment issues may require disclosure of the identity of a
confidential informant. See Bodin, 807 S.W.2d at 316.

To
assert the defense of entrapment, a defendant must produce evidence that (1) he
was actually induced to commit the offense, and (2) the inducement was such as
to cause an ordinarily law-abiding person of average resistance to commit the
offense.  Flores v. State, 84 S.W.3d 675, 682 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).  The first prong is a subjective
test: the defendant must show that because of police persuasion he was induced
to act.  Torres v. State, 980 S.W.2d  873, 876  (Tex. App.CSan Antonio 1998, no pet.).  The
second prong is an objective test.  Id.  

With
respect to the objective standard, prohibited police conduct usually includes,
but is not limited to the following: matters such as extreme pleas of desperate
illness in drug cases; appeals based primarily on sympathy, pity, or close
personal friendship; offers of inordinate sums of money; and other methods of persuasion
likely to cause an otherwise unwilling personBrather than a ready, willing, and
anxious personBto commit an offense.  Flores, 84 S.W.3d at 682. 








The only
police inducement appellant alleges is that Miguel, a man characterized by
appellant in his affidavit as Aa casual acquaintance,@ made repeated phone calls requesting
that appellant sell him a large amount of cocaine.  However, we have held that
a series of phone calls from a mere acquaintance is Aso unlikely to induce a person not
already so disposed to commit a criminal offense as to not even raise the issue
of entrapment.@  See Craver v. State, 628 S.W.2d 155, 157B58 (Tex. App.CHouston [14th Dist.] 1982, pet. ref=d) (finding police agent=s repeated calls over two week
period, made day and night, at home and work, and causing defendant to argue
with fiancé over frequency of the calls, was insufficient to raise issue of
entrapment).  Therefore, appellant=s cited evidence is insufficient to
raise the issue of entrapment.  See id.  

We
conclude the trial court acted within its discretion in finding the informant=s testimony was not required under
rule 508(c) of the Texas Rules of Evidence.  Appellant=s third issue is overruled. 

Accordingly,
the judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment rendered and Memorandum
Opinion filed May 15, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  On August 16, 2007, we sustained appellant=s first issue and abated this case to allow the trial
court to enter written findings of fact and conclusions of law regarding its
disposition of appellant=s motion to suppress.  Following receipt of a
supplemental clerk=s record containing the trial court=s findings of fact and conclusions of law, we
reinstated the appeal and allowed the parties to file supplemental briefs. 
Neither appellant nor the State has filed supplemental briefs.  Therefore, we
address the two remaining issues in appellant=s original brief.





[2]  The State contends appellant=s affidavit is not competent evidence because he did
not swear to the truthfulness of his averments in front of an officer
authorized to administer oaths, and the officer did not certify the documents
under an official seal of office.  The usual definition of an affidavit in
Texas is Aa statement in writing of a fact or facts signed by
the party making it, sworn to before an officer authorized to administer oaths,
and officially certified to by the officer under his seal of office.@  Tex. Gov=t
Code Ann. ' 312.011(1) (Supp. 2008); Smith v. State, 207
S.W.3d 787, 791B92 n.18 (Tex. Crim. App. 2006).  Under the Government
Code, an oath may be administered by a clerk of a court of record.  Tex. Gov=t Code Ann. '
602.002(2) (Supp. 2008).  In this case, appellant=s affidavit was a statement in writing, signed by appellant, sworn
before the Deputy District Clerk of the District Court of Harris County, and
certified by the deputy district clerk under the seal of the District Court of
Harris County.  Accordingly, we conclude appellant=s affidavit complies with the Texas Government Code
and is not deficient. 





[3]  Appellant now claims that he is unsure whether the
name Miguel or Miguel Angel was an alias.





[4]  Tex. Transp. Code Ann. '' 703.001B.004 
(Vernon 1999 & Supp. 2008).