

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00047-CR

RORY GLOTH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. 20693

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Rory Gloth pled guilty to theft of property in an amount of $20,000.00 or more but less than $100,000.00 pursuant to a negotiated plea agreement. In accordance with the terms of the agreement, Gloth was placed on five years' deferred adjudication community supervision and was ordered to pay $15,000.00 in restitution. The State filed a motion to proceed with adjudication on the grounds that Gloth (1) committed another theft, (2) failed to pay restitution in accordance with the conditions of his community supervision, and (3) "failed to notify his supervising officer that he was arrested for the felony offense of Theft by Check >$1500.00 <$20000.00 within 48 hours of his arrest."[1] The trial court found the State's allegations true and entered a written judgment reflecting a sentence of ten years' imprisonment.

On appeal, Gloth argues that the evidence is insufficient to prove that he violated "conditions numbers 1 and 15e" of his community supervision, the judgment should be modified to reflect the trial court's oral pronouncement of a seven-year sentence, and the "7(or 10) years" sentence "constitutes cruel and unusual punishment because it is disproportionate to the crime that [Gloth] committed." We find the evidence sufficient to prove Gloth violated his community supervision terms, conclude that the judgment matches the oral pronouncement of the sentence, and overrule Gloth's unpreserved Eighth Amendment argument. Accordingly, the trial court's judgment is affirmed.

---

[1]The first condition of Gloth's community supervision required him to "[c]ommit no offense against the laws of this State, any other State or the United States." Another condition required Gloth to pay restitution in the amount of $15,000.00 at the rate of $300.00 per month beginning December 14, 2009. The conditions also required him to notify his "supervision officer of any arrest within 48 hours of such arrest." While the State also alleged Gloth failed to inform a potential client that he was on community supervision, this allegation was later withdrawn.

## I. Sufficient Evidence Established Violation of Terms of Community Supervision

We review a decision to adjudicate guilt "in the same manner" as we review a decision to revoke community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012). This decision rests within the discretion of the trial court. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). In a revocation hearing, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given the testimony. *See Langford v. State*, 578 S.W.2d 737, 739 (Tex. Crim. App. 1979). Review of a trial court's decision regarding community supervision revocation is examined in the light most favorable to the trial court's order. *Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.).

To revoke community supervision, the State must prove by a preponderance of the evidence every element of at least one ground for revocation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11; *Rickels*, 202 S.W.3d at 763–64. If the greater weight of credible evidence created a reasonable belief that Gloth violated a condition of his community supervision, the standard was met. *Rickels*, 202 S.W.3d at 764 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). Also, if a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).

At the revocation hearing, Evelyn Braswell, an employee of Electrical Surplus of Texas, testified that Gloth paid for $4,947.03 worth of items with a check that was rejected for deposit due to insufficient funds. Braswell and two other employees would "call and leave a message"

3

for Gloth, but "[h]e was failing to respond or lacking the communication towards the bad check." Braswell traced the "address off the check," "went to the home," "talked to [Gloth's] wife," and "dropped off a 14-day letter stating that we would need payment in full" to prevent a "legal course of action which would be check fraud." Law enforcement was involved after the deadline to pay expired without resolution. Eduardo Salazar, an Investigator with the Dallas County District Attorney's Office, testified that an indictment for theft by check was returned on December 16, 2011, for the instrument written to Assorted Electrical Supplies and that Gloth was arrested. Afterward, Gloth paid the full amount of restitution to the electrical supply company, and the case was dismissed.

Mark Mosley, Gloth's community supervision officer, testified, "[Gloth] had become delinquent on his payments on several occasions." After skipping several months of restitution payments, Gloth paid the full amount of restitution "after he was arrested on the motion" to proceed with adjudication.

Based on the evidence presented, the trial court found the State's first two allegations— that Gloth violated the theft statute and failed to pay restitution as ordered—true. Gloth complains only of the trial court's finding of true to the first two allegations contained in the State's motion to proceed with adjudication. However, the State also alleged, and the trial court found, that Gloth failed to report an arrest.

Records from the Smith County Sheriff's Office show that Gloth was arrested on the theft by check charge on May 18, 2012. The indictment in that case was eventually dismissed after Gloth "made full restitution . . . for any unpaid checks." However, Mosley testified that Gloth

4

failed to notify him of the arrest and that he did not discover Gloth was arrested until October 9, 2012. Gloth's failure to report constituted a violation of condition number nine of the terms of his community supervision. Gloth does not challenge the sufficiency of the evidence to support this finding.

Given the failure to challenge the court's finding with respect to this allegation supporting the motion to proceed with adjudication and our conclusion that the greater weight of credible evidence created a reasonable belief that Gloth violated his community supervision by failing to report the arrest within forty-eight hours, we find no abuse of discretion in the trial court's decision to proceed with adjudication.

Gloth's first point of error is overruled.

## II. Trial Court's Written Judgment Matches Oral Pronouncement of Ten-Year Sentence

Next, Gloth asserts that the trial court orally pronounced a seven-year sentence of imprisonment. However, the State contends that Gloth's "argument is based on a typographical error in the reporter's record which upon supplementation has been corrected." We agree.

Our review of the first reporter's record provided to us reflects that the trial court initially stated that Gloth was sentenced to "seven years confinement." Later, in the same reporter's record, the court "sentence[d] [Gloth] to serve the ten years confinement in the Texas Department of Corrections." No objection was made at the time to any discrepancy in the number of years of the sentence. In line with the State's assertion that the reference to seven years was a typographical error, the amended reporter's record replaces the initial mention of a seven-year sentence with that of a ten-year sentence. The trial court's docket sheet entry also

5

shows the trial judge's notation of a "sentence 10 yrs TDC." Thus, we conclude that the oral pronouncement of the sentence was for ten years and that the written judgment matches the oral pronouncement.

Gloth's second point of error is overruled.

**III.      Gloth Failed to Preserve Claimed Error of Disproportionate Sentence**

To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 152 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.— Houston [14th Dist.] 2001, pet. ref'd); *see* TEX. R. APP. P. 33.1; *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995). This is because "[a] constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal." *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.) (citing *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.— Texarkana 1999, no pet.)); *see Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994). Error may be preserved for a disproportionate sentencing allegation by filing and presenting a motion for new trial raising the issue. *See Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.— Fort Worth 2010, pet. ref'd) (per curiam). Here, no motion for new trial was filed.

6

Our review of the record confirms that Gloth failed to raise the issue of cruel and unusual punishment in the trial court. Therefore, no error is preserved for our review.

## IV. Conclusion

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted: July 22, 2013
Date Decided: July 31, 2013

Do Not Publish